FREDERIKA KLEEMAN, APPELLEE, V. SOPHIA PELTZER,. APPELLANT.

1. **Parent and Child:** CONVEYANCE TO CHILD SET ASIDE. A transfer of property from a mother to a daughter, with a rent. charge on a part of it during the life of the grantor, and providing that at her death a part of the value of such property should be divided between and paid to other daughters of the grantor, induced by a representation of the grantee that there was great. danger of her losing said property by reason of certain litigation then pending, or about to be commenced, between her son and his wife, unless she made such transfer, when in fact there was. no such danger, will be set aside by a court of equity.

2. **Real Estate:** VOLUNTARY SETTLEMENT: POWER OF REVOCA-. TION. A voluntary settlement should contain a power of revo-. cation; if it does not, the parties who rely upon it must prove that the settlor was properly advised when he executed it; that. he thoroughly understood the effect of omitting the power, and that he intended it to be excluded from the settlement. If that. is not established, and the court sees from the surrounding cir-. cumstances that the settlor believed the instrument to be revoca-. ble, * * * it will interfere and give relief against it. *Hall v. Hall*, L. R. 14 Eq., 365.

APPEAL from the district court· of Dodge county. Heard below before POST, J.

*E. F. Gray,* for appellant.

*W. H. Munger,* for appellee.

COBB, CH. J.

It appears from the record that the plaintiff and defendant are mother and daughter; that on and prior to the 17th day of April, 1882, the plaintiff was the owner of a farm, consisting of two hundred and eighty acres of land. She was a widow, over sixty years of age; had raised a family consisting of eight daughters and one son, all of whom

were married.   The defendant, with her husband, resided
on the said farm of the plaintiff as renters from year to
year.  · The plaintiff sometimes resided with the defendant
and her husband on the farm, and had been so residing for
two or three months at the time of the transactions herein-
after mentioned; that on the day first above mentioned the
plaintiff executed to the defendant two warranty deeds, by
one of which, for the expressed consideration of two thou-
sand dollars, she conveyed to her the north half of the east
half (*sic*) of the north-east quarter of section 13, in town-
ship 19, in range 5 east; also the west half of the north-
west quarter of section 18, in township 19, in range 6 east
of the sixth principal meridian, containing in all one hun-
dred and twenty acres; by the virtue of which she con-
veyed to her, for the expressed consideration of sixteen
hundred dollars, the east half of the north-west quarter
and the west half of the north-east quarter of section 13,
in township 19, north of range 5 east of the sixth princi-·
pal meridian, containing 160 acres, more or less, which
land as conveyed by said two deeds constituted the farm
hereinbefore mentioned.

That on the same day, and as a part of the same trans-
action, the said defendant, together with her husband,
William Peltzer, executed and delivered to the plaintiff a
mortgage, wherein and whereby for the expressed consid-
eration of two thousand dollars they granted and mort-
gaged to her, the east half of the north-west quarter and
the west half of the north-east quarter of section 13, in
township 19 north, of range 5 east of the sixth principal
meridian, containing one hundred and sixty acres, according
to government surveys, with the following proviso: "Pro-
vided always and these presents are upon this condition,
that, whereas, the said Frederika Kleeman has this day
executed a warranty deed on the above described property
to Sophia Peltzer, now if the said Sophia Peltzer shall pay
one-third of all the crops raised on the above described

land, and on the north half of the east half of the north-east quarter of section thirteen, township number nineteen north, of range five east, and the west half of the north-west quarter of section number eighteen, in township number nineteen north, of range number five east, and also shall, after the death of Frederika Kleeman, pay to the children of Frederika Kleeman the sum of sixteen hundred dollars, in equal shares, to the following named children, to-wit: Bertha, Frederika, Johanna, Wilhelmina, Louisa, and Augusta; it is expressly agreed and understood by and between the parties hereto that in case any of the above described provisions is not complied with, then this mortgage shall at once become due and payable and this mortgage absolute." * * *

That on the same day and, also as a part of the same transaction, Bernhart Kleeman, son of the plaintiff, and brother of the defendant, executed, acknowledged, and delivered, so that the same was placed on record, a receipt of which the following is a copy: "Know all men by these presents, that I, Bernhart Kleeman, in consideration of one thousand dollars, which I have heretofore received, do hereby acknowledge that I have received my full and just share of my mother's estate and that I am not entitled to receive anything further therefrom.   In witness whereof, I have hereunto set my hand this 17th day of April, 1882." Signed and witnessed.

This action was commenced on the 4th day of August, 1883, for the purpose of recovering the title and possession of the said real estate by the said Frederika Kleeman from the said Sophia Peltzer, and of canceling the said conveyances.

The plaintiff in and by her petition alleges that at the time of executing the said conveyances she was living with the defendant, and had been for some time previous. That at that time and for some time previous thereto, one of her sons, to-wit: Bernhart Kleeman, the brother of defendant,

had been having trouble with his wife. That the defend-ant on said 17th day of April, 1882, and at various times prior thereto, represented and stated to plaintiff that plain-tiff would lose the said above described land by reason of the trouble which was existing between her son and his wife, unless she parted with the legal title to said land. That plaintiff was at that time sixty-six years old, and was unable to understand business and legal matters. That relying upon the statements so made by her said daughter, the defendant herein, and believing the same to be true, the plaintiff made said deeds above mentioned to defendant, conveying the legal title to said lands and tenements above described. That said deeds were so made to defendant at the repeated request of said defendant, and without any consideration whatever.

That the said representations and statements so made as aforesaid by said defendant to plaintiff were false and un-true, and made for the purpose of obtaining the title to said lands, and thereby defrauding the plaintiff. That said lands were at the time of the executing of said deeds as aforesaid of the value of eight thousand dollars, and are of as great value at this time.

And that at the time of making said deeds of convey-ance as aforesaid, the plaintiff was not indebted to any person or persons whomsoever, and had no creditors, and is not now indebted to any person or persons, and has not been indebted to any person or persons at any time since said 17th day of April, 1882. That plaintiff had requested the defendant to reconvey to her the said lands, but she has refused, etc.

The defendant, in and by her answer in said case, de-nied that she on the 17th day of April, 1882, and at va-rious times prior thereto, represented and stated to plaintiff that plaintiff would lose the said land by reason of the trouble which was existing between plaintiff's son and his wife, unless she parted with the legal title to said lands;

denied that at the time of making the deeds, as mentioned in said petition, the plaintiff was unable to understand business and legal matters; denied that plaintiff, relying upon statements made by defendant, and believing them to be true, made said deeds, or that plaintiff relied upon any statements or representations of defendant, or that said deeds were made at the request of defendant, or that said deeds were made without consideration; denied that defendant made any representations or statements to the plaintiff that were false, or that defendant defrauded the plantiff or made any statement or representation to defraud plaintiff, or acquire the title to said lands, or that she obtained said conveyance through fraudulent or false representations; she denied that the said lands at the time, etc., of the value eight thousand dollars, or of any greater value than the consideration mentioned in the said deed, or that they are now of the value of $8,000; and denied that at the time, etc., plaintiff was not indebted or had no creditors, or that she is not now indebted or that she has not been since said time.

. And the said defendant further alleged that she purchased the said lands from the plaintiff at the plaintiff's solicitation and upon the valuable consideration that the defendant and her husband, William Peltzer, on the said day and simultaneous with the making of said deeds, duly executed and acknowledged to the plaintiff a contract and mortgage deed, in one instrument, and in the terms and to the effect that the defendant and her said husband thereby contracted to pay to the plaintiff one-third of all the crops raised on said land during the life-time of the plaintiff, and after her death to pay to the following named children of the plaintiff, to-wit: Bertha, Frederika, Johanna, Wilhelmina, Louisa, and Augusta, the sum of $1,600, in equal shares, and to pay all taxes and assessments on said lands. And that by the terms and effect of the said contract and mortgage the defendant and her said husband duly con-

veyed the east half of the north-west quarter, and the west
half of the north-east quarter, of section 13, in township
19 north, of range 5 east of the 6th principal meridian
(being the 160 acres first described in said petition), to
plaintiff by way of mortgage to secure the faithful per-
formance of said several agreements. That thereupon, on
the same day, the plaintiff caused the said mortgage to be
duly filed and recorded., That thereupon the defendant
and her husband took possession of the said lands, and
have ever since been in the possession of and cultivating
the same, and in the discharge of their agreement under
said contract and mortgage deed. That the plaintiff has
ever since the execution of said deeds and contract and
mortgage deed received and accepted from the defendant
and her husband one-third of the crops raised on said
land in accordance with the terms of said contract and
mortgage deed; and that defendant has made valuable and
expensive improvements on said land. Also there was for
the making of said deeds by plaintiff to defendant the
further consideration therefor of mutual love and affection,
to-wit: that usually existing between mother and daughter,
and as well some services performed by defendant and her
husband for the plaintiff. The plaintiff made reply that
she denied that the said mortgage and contract mentioned
in defendant's answer were made simultaneously with the
making of said deeds, but said that the same were made
subsequently by the defendant and her husband for the
sole and only purpose and consideration of carrying out
the fraudulent transaction by which said deeds were ob-
tained, and for the purpose of making said fraudulent ob-
taining of said deeds by said defendant from the plaintiff
appear to be a *bona fide* transaction, and that plaintiff ac-
cepted said mortgage contract only by reason of the false
and fraudulent statements and representations made by
said defendant, as stated in plaintiff's petition, and for
further reply she denies, etc. The cause was tried to the

court, which found the issues for the plaintiff and decreed the reconveyance of the land by defendant to plaintiff, etc. And the defendant brings the cause to this court by appeal.

There are three points in the brief of attorney for the appellant, as follows:

1.  The petition does not state a cause of action.

2.  The evidence seeking to establish a parol trust is incompetent and irrelevant.

3.  The evidence is not sufficient to sustain the decision.

Upon a careful reading and examination of the pleadings and evidence, in the consultation room, we all came to the conclusion that the petition does state a cause of action, and that the evidence, though nearly equally balanced, is sufficient to sustain the finding and judgment.

The theory of the plaintiff and her witnesses is, that the son of the plaintiff and brother of the defendant having been sued by his wife for divorce and alimony, on such suit being about to be commenced it was suggested to the plaintiff by the defendant that the lands of plaintiff were in danger of being taken away from her to satisfy said claim for alimony, and that the only way to save her land was to place the legal title thereto out of herself; that this suggestion was reiterated and urged upon her by the defendant until she was induced for that purpose, and for that purpose alone, to make such conveyance. That the deeds of her lands were made by plaintiff for that purpose alone. While the theory of the defendant and her witnesses is, that the plaintiff had long contemplated retiring from the care and labor of the management of the farm and of settling down in a small house in the neighboring village, and that she selected out the defendant and her husband from among the members of her family as the most proper persons to take charge of her property during her life, and to distribute its value among her heirs (with certain exceptions) after her decease; and that the

deeds of conveyance were made for that purpose and with. that intent, and not for the purpose as contended by plaintiff.

There was evidence in the case tending to prove either of these theories, and it became necessary for the trial court to determine, upon the conflicting testimony and the circumstances of the case, which to believe.

Upon the theory of the plaintiff, if she was induced by the statements and persuasion of the defendant to believe that she was in danger of losing her land through the litigation of her son's wife unless she conveyed it, and she did convey it for the purpose of protecting it therefrom, such representations being untrue, and such apprehensions in fact groundless, then, under the authority of *Boyd v. De La Montaguie*, 73 N. Y., 498, and *Barnes v. Brown*, 32 Mich., 146, cases cited by counsel for appellee, she is entitled to have the deeds set aside. Or if, on the other hand, on the theory of the defendant, the deeds were intended to create a voluntary settlement in the defendant in trust for the uses and purposes therein expressed, then upon the authority of *Garnsey v. Munday*, 24 N. J. Equity, 243, and the numerous cases cited in the opinion by Chancellor Runyon, the court was justified in finding that the deeds were not " the pure, voluntary, well-understood act of the grantor's mind," but were unadvised and improvident, and contrary to her intention.

See also *Huguenin v. Baselay*, vol. 2, Lead. Cases in Eq., 556.

The decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.